IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEVIN BRANDIS PUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-10-ECM |
| | ) | [WO] |
| AMAZON MARKETPLACE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

On June 23, 2025, the Magistrate Judge entered a Recommendation that this case be dismissed because Plaintiff Devin Brandis Pugh ("Pugh"), who is proceeding *pro se*, failed to comply with Court Orders. (Doc. 21). Before the Court is Pugh's "motion to object," which the Court construes as objections to the Recommendation. (Doc. 26). Also pending before the Court are Pugh's motions to appoint counsel and for leave to appeal *in forma pauperis*. (Docs. 23, 24, 25). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Pugh's objections, the Court concludes that Pugh's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed without prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with

instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

The Court first addresses Pugh's motions to appoint counsel. It is well-settled that "[a] plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). While the Court has broad discretion pursuant to 28 U.S.C. § 1915(e)(1) to appoint counsel for an indigent plaintiff, the Court should do so "only in exceptional circumstances." *Id.* Here, the issues presented are straightforward; thus, the Court finds no exceptional circumstances which would warrant the appointment of counsel in this case. *See id.* Consequently, Pugh's motions to appoint counsel are due to be denied.

Regarding Pugh's motions for leave to appeal *in forma pauperis*, the Court observes that to date, Pugh has not filed a notice of appeal in this action. Thus, these motions are due to be denied without prejudice and with leave to refile.

---

[1] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

The Court has carefully reviewed the Magistrate Judge's Recommendation, Pugh's objections, and the entire record. The Court finds that Pugh fails to raise any specific objection to the Magistrate Judge's Recommendation; therefore, the Court reviews the Recommendation only for clear error. *See LoConte*, 847 F.2d at 750; *Macort*, 208 F. App'x at 784. The Court discerns no error—let alone clear error—in the Recommendation. Consequently, Pugh's objections are due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1.  Pugh's objections (doc. 26) are OVERRULED;

2.  The Recommendation of the Magistrate Judge (doc. 21) is ADOPTED;

3.  Pugh's motions to appoint counsel (docs. 23, 24, 25) are DENIED;

4.  Pugh's motions for leave to appeal *in forma paupers* (docs. 24, 25) are DENIED without prejudice and with leave to refile;

5.  This case is DISMISSED without prejudice;

6.  All other pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 20th day of October, 2025.

                                          /s/ Emily C. Marks  
                                    EMILY C. MARKS  
                                    CHIEF UNITED STATES DISTRICT JUDGE